20-1370-cv
*Long v. Corning Incorporated*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-one.

PRESENT:  JOSÉ A. CABRANES,
          REENA RAGGI,
          SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

VICTOR M. LONG, JR.,

          *Plaintiff-Appellant*,                  20-1370-cv

       v.

CORNING INCORPORATED,

          *Defendant-Appellee.*
_____

**FOR PLAINTIFF-APPELLANT:**                Victor M. Long, Jr., *pro se*, Elmira, NY.

**FOR DEFENDANT-APPELLEE:**                    Erik Anthony Goergen and
                                               Stephen J. Jones, Nixon
                                               Peabody LLP, Buffalo and
                                               Rochester, NY.

Appeal from March 27, 2020 judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be, and hereby is, **AFFIRMED**.

Plaintiff-Appellant Victor M. Long, Jr., proceeding in this action *pro se*, sued his former employer, Defendant-Appellee Corning Incorporated, principally alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the New York State Human Rights Law ("NYHRL"), N.Y. Exec. Law § 296.[1] The District Court dismissed the complaint under Fed. R. Civ. P. 12(b)(6) and denied Long leave to amend his complaint on the basis of futility, finding that Long's claims were barred by a separation agreement pursuant to which Long released Corning from claims arising out of his employment in exchange for twelve weeks of severance pay. Long timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) *de novo*.[2] A complaint must plead "enough facts to state a claim to relief that is plausible on its face."[3] We construe a *pro se* complaint liberally and "with 'special solicitude,' interpreting the complaint to raise the 'strongest claims that it suggests[.]'"[4] We review *de novo* a denial of leave to amend on futility grounds.[5]

---

[1] Long also made reference to bringing a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, which the District Court liberally construed as such before dismissing the claim for failure to exhaust administrative remedies. But Long does not challenge the District Court's judgment as to this claim on appeal.

[2] *Libertarian Party of Erie Cty. v. Cuomo*, 970 F.3d 106, 121 (2d Cir. 2020).

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

[5] *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011).

On appeal Long principally argues that he did not waive his claims because he signed the separation agreement under duress and coercion.

The enforceability of the release as to Long's Title VII claim is governed by federal law.[6] Under Title VII, an employee may validly waive a discrimination claim so long as the waiver is made knowingly and voluntarily.[7] Under New York law, the enforceability of the release as to Long's NYHRL claim is governed by contract law principles.[8] If "the language of a release is clear and unambiguous, the signing of a release is a jural act binding on the parties[.]"[9]

Here, we conclude that the District Court properly determined that Long's claims were barred by the release in the separation agreement he signed with Corning and granted the motion to dismiss. Nor did the District Court err in denying Long leave to amend his complaint, in light of the release of claims to which Long agreed in the separation agreement with Corning. We affirm for substantially the same reasons given by the District Court in its opinion and order dated March 26, 2020.

## CONCLUSION

We have reviewed all of the arguments raised by Long on appeal and find them to be without merit. The judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[6] *See VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 121 (2d Cir. 2001); *see also Olin Corp. v. Consol. Aluminum Corp.*, 5 F.3d 10, 15 (2d Cir. 1993) (federal law determines validity of release of federal statutory claim).

[7] *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 n.15 (1974); *Laniok v. Advisory Comm. of Brainerd Mfg. Co. Pension Plan*, 935 F.2d 1360, 1365 (2d Cir. 1991). We analyze whether a release is valid under a "totality of the circumstances" inquiry. *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 438 (2d Cir. 1998) (internal quotation marks omitted); *see also Bormann v. AT&T Commc'ns, Inc.*, 875 F.2d 399, 403 (2d Cir. 1989) (outlining relevant factors).

[8] *Albany Sav. Bank, FSB v. Halpin*, 117 F.3d 669, 672 (2d Cir. 1997) ("Under New York law, general releases are governed by principles of contract law." (citing *Mangini v. McClurg*, 24 N.Y.2d 556, 562 (1969)).

[9] *Centro Empresarial Cempresa S.A. v. Am. Móvil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276 (2011) (internal quotation marks omitted); *see also Skluth v. United Merchs. & Mfrs., Inc.*, 559 N.Y.S.2d 280, 282 (1st Dept. 1990) (release waives claims for NYHRL violations). A release may be invalidated, however, for any of "the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake." *Centro Empresarial Cempresa S.A.*, 17 N.Y.3d at 276 (quoting *Mangini*, 24 N.Y.2d at 563).